852 F.2d 1288
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert UNDERHILL, Plaintiff-Appellant,
v.
William ABSHIRE, William Deschaine, Robert Redman, R.
Costillo, Perry Johnson, and Four Unknown
Employees of the Michigan State
Department of Corrections,
Jointly and
Severally,
Defendants-Appellees.
 No. 87-1774.
 United States Court of Appeals, Sixth Circuit.
 July 28, 1988.
 
 Before LIVELY, MERRITT and KRUPANSKY, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Plaintiff, an inmate in a Michigan penal institution, filed a complaint pursuant to 42 U.S.C. Secs. 1983, 1985(3) and 1986 in which he alleged that while an inmate at the Michigan Dunes Correctional Facility, he was severely injured as a result of the defendants' failure to protect him from an unnamed prisoner. The district court granted summary judgment for all defendants concluding that their actions did not constitute gross negligence or deliberate indifference necessary to give rise to a civil rights action. Plaintiff appeals that judgment. Upon review, we affirm the district court's dismissal.
 
 
 3
 Although plaintiff did inform some of the defendants of his concerns, he never identified his ultimate assailants. Moreover, upon arrival at the Dunes plaintiff did not request administrative segregation. Although his request for transfer was denied, plaintiff was reassigned to a different dormitory away from the unnamed prisoner. Lastly, it must be noted that plaintiff was assaulted by individuals other than the one who threatened him. Under the circumstances, we conclude that plaintiff did not make the requisite showing of deliberate indifference or "wantonness" necessary to state an actionable civil rights claim against prison guards and officials. See Whitley v. Albers, 475 U.S. 312, 321 (1986).
 
 
 4
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.